UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANA H.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 3:20-cv-05023-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

      Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  She contends the ALJ erred by discounting her testimony, three lay witnesses' statements, and a medical opinion.  Dkt. 16.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

      Plaintiff is 62 years old, has a high school education, and has worked as a protective signal operator, home attendant, and janitor.  Tr. 59, 61, 44.  She alleges disability as of December 1, 2015.  Tr. 30.  In relevant part, the ALJ found no mental medically determinable impairment and limited Plaintiff to sedentary work.  Tr. 33-34.  The ALJ found Plaintiff could perform past relevant work as a protective signal operator.  Tr. 44.

# DISCUSSION

## A. Mental Health Impairment

Based on clinical testing by Melinda C. Losee, Ph.D., showing impaired visual memory, as well as her own and lay witness testimony of memory difficulty, Plaintiff contends the ALJ erred by failing to limit her to verbal instructions and simple decisions. However, Plaintiff concedes "there was no diagnosed mental impairment." Dkt. 16 at 10. "[I]n assessing RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments" (MDI). Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *2 (S.S.A. 1996). Dr. Losee specifically found Plaintiff "does not currently meet diagnostic criteria for any mental disorders." Tr. 598. In the absence of a mental MDI, the Court cannot say the ALJ erred by not including any mental limitations in the RFC determination.

## B. Plaintiff's Testimony

Plaintiff contends the ALJ erred by discounting her testimony of knee and back pain, which caused grogginess from medications and disrupted sleep and required her to lie down during the day. Dkt. 16 at 15. The ALJ found Plaintiff's testimony inconsistent with her activities and improvement with treatment. Tr. 35. Plaintiff does not challenge these reasons but asserts her "claims that her sleep was disrupted, her medications (Methacarbamol) caused drowsiness, and she needed to lie down during the day due to fatigue and knee pain" were "well supported." Dkt. 10 at 15. The evidence showing physical therapy successfully relieved pain, and Plaintiff was able to perform activities such as four hours of garbage pick-up, are clear and convincing reasons to discount Plaintiff's claims of debilitating pain causing her to lie in bed much of the day. Tr. 675, 970, 1070; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (ALJ may discount testimony because claimant "responded favorably to conservative

1 treatment"), *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount claimant's testimony based on activities contradicting her testimony).  The Court concludes the ALJ did not err by discounting back and knee pain testimony.

### C. Lay Witnesses' Statements

Plaintiff's former supervisor stated Plaintiff had many absences due to back pain.  Tr. 468.  Plaintiff's boyfriend reported Plaintiff's leg cramps woke her up at night and she elevated her leg a few times a day.  Tr. 467.  Plaintiff's mother testified sitting hurt Plaintiff's lower back, she could only walk or stand 10 to 15 minutes at a time, and pain disrupted her sleep.  Tr. 400, 396.

The ALJ did find severe back, hip, and knee impairments, and accordingly limited Plaintiff to sedentary work with further postural, manipulative, and environmental restrictions.  Tr. 33-34.  However, the ALJ discounted the severity described by the lay witnesses because Plaintiff did not seek back treatment for many months after she stopped working with the supervisor and Plaintiff's back and knee pain improved with treatment.  Tr. 42-43.  Plaintiff does not challenge these reasons other than by making a conclusory statement they "were not sufficient."  Dkt. 16 at 12.  But she argues the lay witnesses, particularly her boyfriend, were in the best position to observe her limitations.  Certainly, the "fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination.  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  But lack of treatment and improvement with treatment were germane reasons to discount the testimony and, under Ninth Circuit case law, that is sufficient.  *See id*.  The Court concludes the ALJ did not err by discounting the lay witnesses' statements.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of August, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge